## CORBETT v. CLASON.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. ASSUMPSIT—PLEADING—EVIDENCE—ACCOUNT STATED.
    In an action by a contractor to recover for extra work and materials, where a general denial is interposed, plaintiff must prove that the extras were fairly worth the amount claimed.

2. SAME—BILL OF PARTICULARS AS EVIDENCE.
    In an action by a contractor for extra work and materials, an unverified bill of particulars is not evidence that the extras were fairly worth the amount claimed.

Appeal from municipal court.

Action by Robert B. Corbett against Augustus Clason. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Philip M. Brett, for appellant.
Francis Dwight Dowley, for respondent.

WOODWARD, J. We are unable to find any evidence in this case to sustain the judgment entered. The plaintiff entered into a written agreement to install an electrical plant for the defendant for a given consideration. After the contract was made, it appears, the defendant tore down certain partitions, and made changes in the room where the apparatus was to be placed, necessitating some extra work and materials. The plaintiff, before entering upon the work, objected that the conditions had been changed; and there was some evidence tending to show that he refused to undertake the work under the contract, and that defendant agreed to pay for the extra work and materials necessary. The plaintiff went on and completed the work, furnishing some materials which are alleged to have been outside of the requirements of the contract. When the work was finished, he submitted a bill to the defendant, who refused to pay for

the extra work and materials, but paid to the plaintiff the amount of the original contract. This action was brought to recover the amount of the extra services and materials, and the court below found for the plaintiff. The defendant appeals to this court, and urges that as this action is in assumpsit, upon an implied contract, it was necessary for the plaintiff to prove the value of the services as well as of the materials.

This was not an action upon an account stated, in the legal acceptation of that term. 2 Greenl. Ev. 126. The defendant distinctly refused to agree to the amount of the bill rendered, and consented only to pay the amount stated in the written contract. It is true that in an action of this character the law presumes a promise to pay, but this presumption goes no further than a promise to pay what the services or the materials furnished are fairly worth; and it is for the plaintiff to show by a fair preponderance of evidence that the services and materials are fairly worth the amount claimed. There is no evidence in this case of the value of the materials furnished or of the labor performed; and, as the defendant put in a general denial, the plaintiff could not recover without showing to the court that he had performed services and furnished materials of the value claimed. The unverified bill of particulars is not evidence upon these points, and it was error for the court to give judgment without the evidence to support this material portion of the plaintiff's cause of action.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.